**ON REHEARING**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4035**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

MICHAEL BERNARD MURRY,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (CR-03-128)

---

Submitted:  April 6, 2005                Decided:  June 2, 2005

---

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

Mary Lou Newberger, Federal Public Defender, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, Stephanie L. Haines, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Bernard Murry pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2000). The district court sentenced him to sixty-five months in prison. Murry appealed his sentence, challenging the district court's decision to enhance his sentence under U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2002), on the ground that he possessed a firearm in connection with another felony offense. Initially, we affirmed Murry's sentence. Before the mandate issued, however, Murry filed a petition for panel rehearing based on Blakely v. Washington, 124 S. Ct. 2531, 2537 (2004) (holding that maximum sentence court can impose must be based solely on facts "reflected in the jury verdict or admitted by the defendant"), and in anticipation of the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), which was argued in the Supreme Court the same day this court issued its original opinion in this case. Because Booker constitutes an intervening change in law bearing on the outcome of this appeal, we grant rehearing, vacate Murry's sentence, and remand for resentencing.

Murry's sentence included an enhancement under USSG § 2K2.1(b)(5) based on the court's findings at sentencing that Murry possessed the firearm in connection with another felony. In Booker, the Supreme Court held that the federal sentencing

- 2 -

guidelines scheme, under which courts were required to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence, violated the Sixth Amendment because of its mandatory nature. Id. at 746 (Stevens, J., opinion of the Court). Although Murry did not raise the Sixth Amendment challenge at sentencing, this court has held that a mandatory enhancement based on facts supported by a preponderance of the evidence constitutes plain error warranting correction. United States v. Hughes, 401 F.3d 540, 546-48 (4th Cir. 2005).

In light of Booker and Hughes, we find that the district court plainly erred in sentencing Murry and that the error warrants correction. Therefore, we vacate Murry's sentence and remand for proceedings consistent with Hughes. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED